UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case Number 05-20005-BC

v.                                          Honorable David M. Lawson

JESUS JULIO FLORES,

        Defendant.

_____/

## **JUDGMENT OF CONTEMPT AND SENTENCE**

On June 14, 2005, the Court issued an order directing attorney Andrew Wilkins to appear in person on Thursday, June 23, 2005 at 9:30 a.m. to show cause why he should not be held in contempt for his failure to appear at a scheduled proceeding with the probation department on June 8, 2005, and ordered to reimburse the government for the costs of cancelling the services of an interpreter. The Court conducted a hearing at the appointed date and time, and respondent Wilkins failed to appear.

At the hearing, the following information was disclosed: on May 25, 2005, a jury convicted Jesus Julio Flores, the defendant and client of respondent Wilkins, of being an alien in unlawful possession of a firearm. After the verdict, the Court directed respondent Wilkins to schedule an appointment with the probation department for an interview so that a presentence report could be prepared in accordance with Federal Rule of Criminal Procedure 32. Mr. Wilkins specifically was instructed to be present with his client at the interview.

Probation Officer Peggy Walkowiak was assigned to conduct the presentence investigation and prepare the report. She stated that respondent Wilkins met her in her office on May 25, 2005 as directed by the Court, obtained the paperwork for the presentence interview, and was informed

that the interview must be completed within seven days.  Mr. Wilkins was to contact the interpreter to coordinate the date and report to Ms. Walkowiak.  Mr. Wilkins did not contact Ms. Walkowiak by May 27, 2005, and therefore she initiated a call to his office, which went unreturned, as did another call of May 31, 2005.  Ms. Walkowiak then contacted the interpreter, who confirmed that respondent Wilkins had not been in touch with her either.  Later that day, the interpreter reported to Ms. Walkowiak that respondent's secretary called to schedule an interview on June 3, 2005 at 4:00 p.m. at the Saginaw County Jail, two days after the seven-day deadline.  However, as the interpreter was leaving the Detroit area to travel to Saginaw on June 3, 2005, respondent Wilkins cancelled the meeting.

Another interview was scheduled at the Saginaw County Jail with defendant on June 6, 2005. Once again, arrangements were made for the interpreter, who was leaving to drive to Saginaw two hours before the meeting when the respondent once again cancelled.  Probation Officer Walkowiak then scheduled the presentence interview for Wednesday, June 8, 2005 at the Saginaw County Jail. She made contact with respondent Wilkins to inform him, and he assured her that he would be present.  On June 8, 2005, Probation Officer Walkowiak and the interpreter met at the Saginaw County Jail but respondent Wilkins failed to appear.  The interpreter informed Ms. Walkowiak that she had met with respondent Wilkins and the defendant the previous day to complete the probation report paperwork, which respondent Wilkins left with the interpreter.  The probation officer completed the presentence interview with the defendant but assiduously avoided discussing the offense because the attorney was not present.

The respondent's conduct necessitated the scheduling of four appearance dates with the interpreter, two of which were cancelled.  The interpreter sent a bill to the United States District

Court, the Eastern District Michigan Court Reporting and Interpreting Services Office for her work, including cancellation fees for June 3 and June 6, 2005.  The cancellation fees totaled $658.

On June 14, 2005, the Court issued its order to show cause, as previously indicated, in accordance with Federal Rule of Criminal 42(a).  After due notice, the respondent failed to appear in accordance with the order to show cause.  Title 18, Section 401 of the United States Code states that the Court shall have the power to punish by fine or imprisonment any "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401(3).  The Court finds that the conduct of the respondent, Andrew Wilkins, was contemptuous and violative of the referenced statute because he failed to arrange for and attend a presentence interview with his client within ten days of the date of conviction, as commanded by the Court.

Accordingly, it is **ORDERED AND ADJUDGED** that respondent Andrew Wilkins is in contempt of the United States District Court.

It is further **ORDERED AND ADJUDGED** in accordance with 18 U.S.C. § 401 that respondent Wilkins pay a fine to the United States District Court at Bay City, Michigan, in the amount of $500.

It is further **ORDERED AND ADJUDGED** that respondent Wilkins shall reimburse the United States District Court, Eastern District of Michigan Court Reporting and Interpreting Services for the interpreter's cancellation fees in the amount $658.

It is further **ORDERED** that payments of fine and reimbursement shall be made in separate instruments payable to the Clerk of the United States District and delivered to the United States

District Court Clerk's Office in Bay City, Michigan, on or before **July 25, 2005**. The respondent shall not assess or otherwise charge the fine or reimbursement to his client.

          s/David M. Lawson
          DAVID M. LAWSON
          United States District Judge

Dated: June 28, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2005.

          s/Tracy A. Jacobs
          TRACY A. JACOBS